FRANK SHEPHERDSON ET AL., APPELLEES, V. CLARENCE FAGIN ET AL., APPELLANTS.

FILED APRIL 24, 1928. No. 25635.

*C. C. Flansburg* and *J. G. Thompson,* for appellants.

*George J. Marshall, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON and HOWELL, JJ., and LANDIS, District Judge.

THOMPSON, J.

Appellants seek to have reversed an order of the district court for Franklin county which extended the boundaries of the Republican Valley drainage district so as to include

therein certain of their lands. The record discloses that some years prior to the entering of the order herein complained of, certain owners of lands in such county, under the provisions of article IV, ch. 17, Comp. St. 1922, sought to have established the above-named drainage district, and to have included therein the lands of appellants. To such inclusion appellants herein filed objections. Issues were duly joined and evidence taken, and it was considered by the court that the prayer of the applicants be granted, and the drainage district established, but that the lands of objectors, appellants herein, be not included within the boundaries of such district, they not being overflowed, swamp or submerged lands, and "this without prejudice, however, to the subsequent inclusion of the lands so excluded or any part thereof that may be shown proper under the provisions of section 1762, Comp. St. 1922" (which section is a part of the above article). After the entry of the judgment, and within the statutory period, an election was held and a board of five supervisors selected, which board, as provided in such article, caused a topographical survey to be made of the district by a competent engineer, whose report found, among other material things, that appellants' lands should be included in the district, and in justice should be required to bear their proportion of the expense and cost of such improvement. In furtherance of this report and the law applicable, the district, through its proper officers, the appellees, filed a supplemental petition in the original action, again seeking the inclusion of appellants' lands in such drainage district. Upon such petition, and after objections were interposed thereto, issues were duly joined, evidence submitted, and judgment entered as hereinbefore indicated.

As we view this record, it presents but two questions for our consideration: (a) Was the original decree finding that the lands here in question were not wet, submerged, swampy or overflowed lands a final adjudication of such facts, and thus constituted a bar to further inquiry? (b) If not, under the evidence, are the lands involved herein

wet, submerged and swamp lands or land within a district subject to overflow?

In our consideration of challenge (a), it might prove helpful to quote, in connection with that part of the initial judgment hereinbefore set forth, the part of the judgment herein complained of applicable thereto, which is as follows: "That by the findings and decree of this court rendered July 14, 1924, the matter of the inclusion of the lands of these defendants or objectors was left open and undetermined so that further proceedings might be had to that end if justified by further and more detailed information as to the involved flow of waters, elevations, benefits and feasible plan of drainage. That the court considers said findings and decree of July 14, 1924, in the determination of the present proceeding and this matter as a further proceeding in the same case."

It is sufficient to say that article IV, ch. 17, Comp. St. 1922, entitled, "Drainage Districts Organized by Proceedings in District Court," is controlling as to all matters involved in this litigation; that, applying the provisions of these statutes to the initial judgment, it is considered by us that such judgment was not a final adjudication of the facts involved so as to bar a subsequent inquiry. Hence, we conclude that the initial proceeding and judgment, as well as that part of the judgment here in question construing the same, are each clearly in accord with the above enactment.

This brings us to challenge (b): As we view this article, it was intentionally made comprehensive in its terms so that its provisions might serve a beneficial purpose in all parts of our state, a state unusually varied as to its contour of surface, its climatic conditions, and its quality of soil; thus, the proviso therein, "No land shall be included in such drainage district or subject to taxation for the drainage except wet, submerged and swamp lands or land within a district subject to overflow." Comp. St. 1922, sec. 1762. As we determine from the record, the lands in question are within the provisions of

such article, that is, appellants' lands are within a district subject to overflow from accumulated waters arising from falling rains and melting snows, and from the overflow of what is known in the record as "Wortham creek," and incidentally from the Republican river. We further conclude that such lands were legally and fairly included in the district, were benefited by such inclusion, and that such benefits were properly estimated and justly apportioned.

The judgment of the trial court is right, and is, in all things,

AFFIRMED.